UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 3:06-CR-73 |
| | ) | (PHILLIPS/SHIRLEY) |
| RONDAL BROCK, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and by the Order [Doc. 103] of the Honorable Thomas W. Phillips, United States District Judge, for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. Defendant Rondal Brock's Motion to Suppress [Doc. 87] and Motion for Motion to Suppress to be Considered as a Motion in Limine [Doc. 119] are presently pending before this Court. The parties came before the Court on June 20, 2007, for a hearing on these motions. Assistant United States Attorneys Cynthia Davison and Greg Weddle were present, representing the government. Attorney Daniel Warlick was present via telephone, representing Defendant, who was not present.

At the outset of the hearing, the Court traced the relevant procedural history of this matter. On May 7, 2007, counsel to Defendant Rondal Brock's then Co-Defendant, Lawanna Brock, and the government engaged in a telephone conference with the undersigned and the Honorable District Judge Thomas W. Phillips. This conference occurred on the eve of trial and regarded the statements on a recording which are at the core of Defendant Rondal Brock's motion to suppress,

and were also the subject of then Co-Defendant Lawanna's Brock's pending Motion in Limine [Doc. 89]. Neither Defendant Rondal Brock nor his counsel participated in this telephone conference. On May 8, 2007, District Judge Phillips entered an Order regarding Defendant Lawanna Brock's Motion in Limine [Doc. 99], which states:

> Accordingly, the Court advised the parties during the telephone conference that the recording would not be admissible in whole; ordered the government to prepare a transcript and designate only the relevant portions of the CD it intended to use for trial; and informed the parties that pending motions would be taken up at 8:30 a.m. on the morning of the trial.

After the hearing, the undersigned entered an Order [Doc. 96] granting a Joint Motion to Sever Defendant Rondal Brock [Doc. 94]. Defendant Lawanna Brock proceeded to trial on May 14, 2007. On May 14, 2007, District Judge Phillips referred Defendant Rondal Brock's Motion to Suppress [Doc. 103] to this Court.

At the hearing, both the government and Defendant Rondal Brock's counsel conveyed that they were of the general opinion that District Judge Phillips had ruled on Defendant Rondal Brock's Motion to Suppress [Doc. 103]. However, as noted by the procedural history, it is clear that District Judge Phillips did not do so except to the extent noted above. Had District Judge Phillips ruled upon Defendant's motion in its entirety, he would not have subsequently referred the motion to this Court. After tracing the procedural history and querying both parties about what Judge Phillips's earlier ruling established, all parties appeared to concede that it had not been fully ruled upon earlier. Therefore, this matter is properly before this Court for determination.

Before proceeding further, this Court must rule upon Defendant's Motion for Motion to Suppress to be Considered as a Motion in Limine [Doc. 119]. At the hearing, all parties stated they were satisfied that Defendant's Motion to Suppress [Doc. 87] was not actually a motion to

suppress, but would be more aptly titled, and treated as, a motion in limine. For good cause shown, Defendant's Motion for Motion to Suppress to be Considered as a Motion in Limine [Doc. 119] is **GRANTED**. Accordingly, Defendant's Motion to Suppress will be referred to as Defendant's Motion in Limine for the remainder of this Order.

Defendant motion asks the Court to prohibit admission of two telephone conversations between Lawanna Brock and Geneva Renee Gent. [Doc. 87]. In support thereof, Defendant asserts that he was not a participant in the telephone conversations, and that the statements are highly prejudicial and inflammatory, irrelevant to the allegation charged against Defendant, and their introduction into evidence should be prohibited pursuant to Federal Rule of Evidence 403. Defendant notes the government's position, that Defendant signed a letter, which resulted in his adopting the statements as his own. Defendant then asserts that the facts do not support admitting the conversations under a hearsay exception for admissions against interest. The government never filed a response to Defendant Brock's Motion in Limine.

At the June 20th hearing, Defendant argued consistent with his pleadings. The government argued that the redacted portions of the conversations which District Judge Phillips ultimately ruled admissible against Lawanna Brock (during her trial) should also be admissible against Defendant. [See Doc. 108]. In support thereof, the government asserted that the taped conversations were adoptive admissions of Defendant.

The Court questioned the government about its position. The purported adoptive admission revolves around the fact that Defendant signed a cover letter to a police department which accompanied the recording of the two conversations. This letter alleged that Geneva Renee Gent had engaged in illegal conduct and encouraged the police department to investigate the matter. The

cover letter's alleged reference to the recording is "[t]his evidence is in the custody of the NTPD officer Mewhenney[,] and KPD [(Knoxville Police Department)] has an arrest file." The government asserted that evidence was introduced during Lawanna Brock's trial that the recording accompanied the letter mailed to the police department. The government argued that the above statement, along with Defendant's signature, indicates that he adopted whatever was on the tape as true. Defendant's counsel countered by arguing that Defendant's signature on the letter does not indicate, in any way, that he listened to the recordings and adopted the statements made therein.

This Court previously listened to the recordings at issue during the May 7th hearing. As correctly noted by Defendant's counsel, neither Lawanna Brock nor Geneva Renee Gent explicitly state that Defendant engaged in the illegal activity at issue. Admittedly, Lawanna Brock makes statements which can be construed as inculpating Defendant; she says "we" and/or "they" have "taken care of" prescription forging issues in the past. The government asserts this indicates a common scheme to defraud. Defendant asserts no evidence exists that "we" and/or "they" refers to Lawanna Brock and Defendant. Moreover, Defendant notes that he has not been charged with conspiracy to commit fraud or forging prescriptions; he has been charged with one count of

> [C]ausing to be made and used, a materially false writing and document knowing the same to contain a false, fictitious and fraudulent statement and entry, in that he caused a claim to be submitted to Cigna, a Medicare Fiscal Intermediary, for lab work for patient B.W., an individual insured under the Medicare insurance program when, in fact, the lab work was for blood of another patient not insured by the Medicare insurance program.

[Doc. 23]. Upon further questioning from the Court, the government asserted that the evidence was admissible against Defendant under the hearsay exception listed as Federal Rule of Evidence 801(d)(2)(B).

4

Rule 801(d)(2)(B) provides that a statement is not hearsay if it is offered against a party and is "a statement of which the party has manifested an adoption or belief in its truth." The Sixth Circuit requires that when a statement is offered as an adoptive admission, "[t]he primary inquiry is whether the statement was such that, under the circumstances, an innocent defendant would normally be induced to respond, and whether there are sufficient foundational facts from which the jury could infer that the defendant heard, understood, and acquiesced in the statement." United States v. Jinadu, 98 F.3d 239, 244 (6th Cir. 1996); Neuman v. Rivers, 125 F.3d 315, 320 (6th Cir. 1997) (citing to and relying on Jinadu). Therefore, to be admissible as an adoptive admission, there must sufficient facts from which the jury can infer that Defendant heard, understood, or acquiesced to the statements made in the recording. Though Defendant clearly adopted the statements in the letter which accompanied the recording to the police department, this Court finds that he did not manifest an adoption or belief in the truth of the statements within the tape. There is not a scintilla of evidence that Rondal Brock even knew a recording, containing potentially inculpatory statements about him, was being sent with this letter.[1] Further, there is no evidence from which a jury could infer that Defendant heard, understood, or acquiesced in the statements made in the recordings. As such, this Court cannot find that Defendant manifested an adoption in the belief or truth of the statements, and the statements cannot be admitted into evidence as an adoptive admission.

Additionally, the Court finds that, even if the statements at issue were adopted by Defendant as admissions, the evidence would continue to be inadmissible. All relevant evidence

---

[1] As noted earlier, the letter only stated "[t]his evidence is in the custody of the NTPD officer Mewhenney[,] and KPD has an arrest file." Moreover, the letter contains no explicit reference to enclosures or a recording being sent with the letter.

is generally admissible. Fed. R. Evid. 402. However, "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. . . ." Fed. R. Evid. 403. The statements made in the recordings cannot be admitted because of the high possibility of confusion of the issues, misleading the jury, or unfair prejudice. Defendant has been charged with falsifying a medical record to get paid for lab work. [Doc. 23]. Whether Defendant previously engaged in a scheme regarding forged prescriptions is not particularly germane to the instant charge, but it is likely to lead to juror confusion and may prove to be highly prejudicial. As such, even if the hearsay exception noted by the government did allow for this evidence to be admitted, it would still be inadmissible under the relevancy doctrine.

Accordingly, Defendant Rondal Brock's Motion for Motion to Suppress to be considered as a Motion in Limine [Doc. 119] is **GRANTED**, and his Motion in Limine [Doc. 87] is **GRANTED**.

**IT IS SO ORDERED.**

                                  **ENTER:**

                                      s/ C. Clifford Shirley, Jr.
                                      United States Magistrate Judge